IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NILDA BENAVIDEZ *Plaintiff,* | § § § | |
| v. | § § | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendant.* | § § § § § | CIVIL ACTION NO. 7:15-cv-144 |

## NOTICE OF REMOVAL

Defendant, Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Nilda Benavidez v. Nationwide Property and Casualty Insurance Company; Cause No: C-0664-15-F, in the 332nd District Court of Hidalgo County, Texas.

## BACKGROUND

1. Plaintiff Nilda Benavidez ("Plaintiff") initiated the present action by filing his Original Petition in Cause No: C-0664-15-F, in the 332nd District Court of Hidalgo County, Texas on February 17, 2015 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant was served with Plaintiff's Original Petition on March 27, 2015, and filed its Original Answer on April 2, 2015, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) and LR 81, all required process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

## II. DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1441(a) "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. Plaintiff is domiciliary in Hidalgo County, Texas. *See* **Exhibit A,** ¶ 3. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

6. Defendant is organized under the laws of Ohio and maintains its principal place of business in Columbus, Franklin County, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

7. Removal is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendant as Defendant is not a citizen of the state in which this case was brought.

8. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

9. On October 1, 2014, Plaintiff demanded payment of $111,628.00 to settle all claims arising from the insurance claim that gave rise to this action. *See* Plaintiff's DTPA Demand Letter, **Exhibit C**, p. 6. In that Demand Letter, Plaintiff alleges that she sustained actual damages in the amount of $103,128.00. *Id.*

10. Plaintiff seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) penalties, (6) pre and post-judgment interest, and (7) attorney's fees. *See* **Exhibit A,** ¶¶ 69-72.

11. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 71; Tex. Ins. Code sections 541.002 & 541.152.

12. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1] The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits A** & **C**.

13. Pursuant to 28 USC § 1446(b)(1), this Notice of Removal is being filed within 30 days of service on Defendant of Plaintiff's Original Petition and, pursuant to 28 USC § 1446(c)(1), less than one year after the commencement of this action.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Removal Notice, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 332nd Judicial District Court of Hidalgo County, Texas

*(Signatures on Following Page)*

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:    (512) 476-7832
pkemp@smsm.com

ATTORNEY-IN-CHARGE FOR DEFENDANT,
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Robert R. Russell
Texas Bar No. 24056246
Southern District Bar No. 876504
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
Phone: (512) 476-7834
Fax: (512) 476-7832

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via CM/ECF and regular mail on this 7th day of April, 2015.

Bill L. Voss
Scott G. Hunziker
Jesse S. Corona
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

*/s/ Patrick M. Kemp*
Patrick M. Kemp